UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER GERICKE,

    Plaintiff,

    v.

MARK WILSON, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-886-JD-MGG

OPINION AND ORDER

Christopher Gericke was a prisoner at the Westville Correctional Facility when he was working in the Maintenance Department. Without a lawyer, he filed a complaint alleging he was exposed to asbestos. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gericke alleges he "worked daily in the non-ventilated, underground tunnels throughout the prison, in various mechanical rooms, repairing steam lines and handling various repairs . . . from 7/25/16 – 12/09/16." ECF 7 at 7. While there, he alleges he was exposed to asbestos along with other inmates and prison employees. He alleges this violated various health and safety rules. However, "not every deviation from ideally

safe conditions constitutes a violation of the constitution." The Eighth amendment does not constitutionalize torts. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted.). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Therefore the violation of health and safety rules is not sufficient to state a claim.

Prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

As the Seventh Circuit has explained, "the mere presence of asbestos in a prison does not violate the Eighth Amendment; exposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary circumstances, be considered cruel and unusual." *Contreras v. Hawk*, 77 F.3d 484 (7th Cir. 1996) (quotation

2

marks and brackets omitted). Gericke was exposed to asbestos while doing maintenance work for less than five months. This was not an objectively serious risk because his exposure was not meaningfully different than that of prison employees who willingly worked in the same environment for many years. Even the serious safety violation on November 9, 2016, exposed prison employees Adam Leidy and Ken Stovaugh to similar asbestos risks while they supervised Gericke's work group. On that occasion, Engineer Mark Wilson violated safety rules when he removed asbestos from an overhead pipe causing asbestos to rain down around Leidy, Stovaugh, Gericke, and others who had no personal protective equipment. Though unfortunate, this kind of workplace risk is not uncommon for maintenance employees both in and out of prisons. As such, it cannot be considered cruel and unusual punishment in violation of the Eighth Amendment.

Finally, Gericke raises two related claims. He alleges he wrote to various supervisors complaining about hazardous conditions. However, the "view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients[, but t]hat can't be right." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. "Only persons who cause or participate in the violations are responsible."

*George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Id*. at 594.

Gericke also alleges he filed healthcare requests, but was not seen by medical staff. However he has not named any medical staff as defendants. Neither has he alleged that any of the named defendants did anything to impede him from getting medical treatment. Though it is unclear why he was not seen by medical in response to his healthcare requests, it is clear he has not alleged that any of the named defendants were personally involved in denying him medical treatment.

This complaint does not state a claim. It is unclear what facts Gericke could add which could state a claim, but if he has additional facts, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). To do so he must place this cause number on a blank **Prisoner Complaint (INND Rev. 8/16)** form which is available from the law library. In the complaint, he must set forth all of the facts necessary to plausibly show that one or more of the listed defendants was personally involved in violating his Eighth Amendment rights.

For these reasons, the court: (1) GRANTS Christopher Gericke until **November 14 2019**, to file an amended complaint; and (2) CAUTIONS Christopher Gericke if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice.

SO ORDERED on October 15, 2019

       /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4